The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, AR 72201-1094
Dear Mr. McCuen:
This is in response to your request for an opinion on whether the State Board of Election Commissioners ("State Board") in furtherance of its duties may appoint members of the County Board of Election Commissions ("County Board") to serve the State Board, without voting authority, in an advisory capacity.
A review of the various Code provisions governing the State Board of Election Commissioners fails to yield authority for such appointive power. The composition of the State Board is set forth under A.C.A. 7-4-101. Pursuant to subsection (a) of that Code section, the named state constitutional officers who are members of the board have the authority and duty to name the four (4) resident electors of the state who shall serve on the board. The chairmen of the state committee of the majority and minority political parties are also designated as board members. A.C.A.7-4-101(a). Provision is made for the appointment of successors in the same manner as initial appointments. A.C.A. 7-4-101(c). In the event of a vacancy or disqualification on the part of a state party chairman, the vice-chairman shall act until a new chairman is selected by the party. A.C.A. 7-4-103(a).
It is thus apparent that the appointive authority of the State Board members and the composition of the board have been clearly established. These provisions do not support the proposition that the State Board has the authority to appoint County Board members to serve the State Board in an advisory capacity. Nor are we aware of separate authority in this regard. While the State Board could, reasonably, seek the advice of County Board members on an informal basis, we cannot conclude that the formal appointment of these persons in an advisory capacity is within the proper scope of the State Board's powers.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.